**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

|  |  |  |
|---|---|---|
| CENTRAL NEW YORK LABORERS' HEALTH AND WELFARE FUND, | ) | |
| by Renee Sager, as Fund Administrator, CENTRAL NEW YORK | ) | |
| LABORERS' PENSION FUND, by Renee Sager, as Fund | ) | |
| Administrator, CENTRAL NEW YORK LABORERS' ANNUITY FUND, | ) | |
| by Renee Sager, as Fund Administrator, CENTRAL NEW YORK | ) | |
| LABORERS' TRAINING FUND, by Renee Sager, as Fund | ) | |
| Administrator, CONSTRUCTION AND GENERAL LABORERS' | ) | |
| LOCAL UNION NO. 633, by Gabriel M. Rosetti, III, | ) | **COMPLAINT** |
| as Business Manager, | ) | |
|                                          Plaintiffs, | ) | |
|       - against - | ) | |
|  | ) | |
| SOLAR FOUNDATIONS, LLC | ) | Civil Action No.: |
| 1409 Doughty Road | ) |  5:24-cv-1547 (GTS/ML) |
| Egg Harbor Township, New Jersey 08234 | ) | |
|  | ) | |
|                    and | ) | |
|  | ) | |
| JEFFREY S. FIEDLER, Individually | ) | |
| 145 East Faunce Landing Road | ) | |
| Absecon, New Jersey 08201 | ) | |
|  | ) | |
|                        Defendants. | ) | |

_____

Plaintiffs, by their undersigned attorneys, Blitman & King LLP, complaining of the

Defendants, respectfully allege as follows:

## I.    JURISDICTION AND VENUE

1.        This is an action arising under the Employee Retirement Income Security Act

of 1974 [hereinafter "ERISA"] [29 U.S.C. §§1001 _et seq._]. It is an action by fiduciaries of

employee benefit plans for monetary and injunctive relief to redress violations of ERISA

Sections 404(a), 406, 502(g)(2), and 515 [29 U.S.C. §§1104(a), 1106, 1132(g)(2), 1145].

- 1 -

2.      This is also an action arising under Section 301(a) of the Labor-Management Relations Act of 1947, as amended [hereinafter "LMRA"] [29 U.S.C. §185(a)]. It is a suit for, among other things, violations of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in the LMRA [29 U.S.C. §141 *et seq.*]

3.      Jurisdiction is conferred on this Court by ERISA Section 502(a), (e), and (g)(2) [29 U.S.C. §1132(a), (e), and (g)(2)], without respect to the amount in controversy or the citizenship of the parties, as provided in ERISA 502(f) [29 U.S.C. §1132(f)]. Jurisdiction is also conferred on this Court, without respect to the amount in controversy, pursuant to LMRA Section 301(a) [29 U.S.C. §185(a)], and pursuant to the laws of the United States of America [28 U.S.C. §1337].

4.      Venue is established in this Court by ERISA Section 502(e)(2) [29 U.S.C. §1132(e)(2)] and LMRA Section 301(c) [29 U.S.C. §185(c)]. It is an action brought in the District where the plans are administered and where the breach took place.

## II.      DESCRIPTION OF THE PARTIES

5.      Plaintiff Renee Sager is the Administrator of the Central New York Laborers' Pension Fund [hereinafter "Pension Fund"], Central New York Laborers' Annuity Fund [hereinafter "Annuity Fund"], Central New York Laborers' Health and Welfare Fund [hereinafter "Health Fund"], and the Central New York Laborers' Training Fund [hereinafter "Training Fund" and the Health Fund, Pension Fund, Annuity Fund, and Training Fund are hereinafter collectively referred to as "Central New York Laborers' Funds"]. The Central New York Laborers' Funds are administered within the Northern District of New York at 7051 Fly Road, East Syracuse, New York 13057. Ms. Sager has been directed and authorized by the

Central New York Laborers' Funds Board of Trustees to bring this action on their behalf.

6.     The Central New York Laborers Funds, established pursuant to collective bargaining agreements, are multiemployer plans, as defined in ERISA Section 3(37) [29 U.S.C. §1002(37)], and are employee benefit plans, as defined in ERISA Section 3(3) [29 U.S.C. §1002(3)]. The Funds are a collection agent for the Administration and Safety Program ["ASP"] monies.

7.     Plaintiff Gabriel M. Rosetti, Ill, is the Business Manager of Construction and General Laborers' Local Union No. 633 [hereinafter "Union"]. The Union is an unincorporated association with an office and principal place of business at 7051 Fly Road, Suite A, East Syracuse, New York 13057, and the Union is a labor organization in an industry affecting commerce within the meaning of the LMRA [29 U.S.C. §141 *et. seq.*].

8.     The Union represents employees with respect to the terms and conditions of employment, including, but not limited to, wages, benefits, and supplements. The Union is permitted to commence this action on their behalf. The Union is a collection agent for the New York Laborers' Health and Safety Fund ["H&S Fund"] and the New York State Laborers — Employers Cooperation and Education Trust ["L.E.C.E.T."]. [The Central New York Laborers' Funds, the H&S Fund, and L.E.C.E.T. are referred to as "Funds."]

9.     Upon information and belief, Defendant Solar Foundations, LLC [hereinafter referred to as "Defendant Corporation"] is a corporation permitted to do business in New York State, has a principal place of business and offices located at 1409 Doughty Road, Egg Harbor Township, New Jersey 08234. At all times relevant herein, Defendant Corporation was authorized to do and/or was doing business in the State of New York.

4903-9152-0775, v. 1

10.     Upon information and belief, Defendant Jeffrey S. Fiedler [hereinafter "Defendant Fiedler"], is an officer and shareholder of Defendant Corporation. Upon information and belief, Defendant Fiedler maintains his offices at 1409 Doughty Road, Egg Harbor Township, New Jersey 08234.

11.     Defendants are employers in an industry affecting commerce, all as defined in ERISA Section 3(5)(11) and (12) [29 U.S.C. §1002(5)(11) and (12)]. Defendants are also employers of employees covered by employee benefit plans and multiemployer plans maintained pursuant to a collective bargaining agreement, all as defined in ERISA Sections 3(3) and (37) [29 U.S.C. §1002(3) and (37)], and are obligated to remit contributions to the Funds in accordance with ERISA Section 515 [29 U.S.C. §1145].

12.     To the extent that Defendants exercised any authority or control with respect to the management or disposition of assets of Plaintiff Central New York Laborers' Funds, they are fiduciaries within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

13.     Defendants are parties in interest with respect to the Central New York Laborers' Funds as defined in ERISA Section 3(14)(C), (E) and (H) [29 U.S.C. §1002(14)(C), (E) and (H)] and act directly as employers and/or indirectly in the interests of the employers in relation to the Central New York Laborers' Funds, all as defined in ERISA Section 3(5) [29 U.S.C. §1002(5)].

### III. FIRST CAUSE OF ACTION

14.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "13" inclusive of this Complaint as if set forth fully at this point.

15.     ERISA Section 515 [29 U.S.C. § 1145] provides that: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under

4903-9152-0775, v. 1

the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

16.    At all times relevant herein, Defendant Corporation was party to the collective bargaining agreements requiring contributions to the Funds.

17.    Pursuant to the Agreements, the Defendant Corporation is bound by the terms, conditions, rules, and regulations of the Agreements and Declarations of Trust of the Central New York Laborers' Funds, as well as the Agreement of the Trust of the New York State Laborers-Employers Cooperation and Education Trust Fund ["L.E.C.E.T"], the Agreement of the Trust of the New York State Laborers Health and Safety Fund, and the Collections Policy of the Central New York Laborers' Funds [hereinafter "Trusts" and "Collections Policy"].

18.    The Agreements, Trusts, and Collections Policy obligate Defendant Corporation to remit contributions to the Funds for each hour each of its employees, independent contractors, or subcontractors performed work covered by the Agreements.

19.    The Agreements require the Defendant Corporation to deduct from each of its employees' wages stipulated sums for each hour worked and pay the amounts to the Union, with the amounts representing disability, Union dues deductions, and Political Action Committee ["P.A.C."] monies.

20.    The Agreements, Trusts, and Collections Policy obligate Defendant Corporation to file its remittance reports and remit contributions by the fifteenth (15th) day of the month following the month during which the hours were worked by its employees, independent

4903-9152-0775, v. 1

contractors, or subcontractors who performed work covered by the Agreements, *i.e.,* laborers' work.

21.    Under the Agreements, the Trusts, the Collections Policy, and/or ERISA Section 502(g)(2) [29 U.S.C. §1132(g)(2)], if the Defendant Corporation fails to timely remit contributions and deductions, it is liable for the amount of contributions and deductions plus the following: (1) interest on the unpaid and untimely Central New York Laborers' Funds' contributions, calculated at the rate of one and one-half percent (1½%) per month from the date the contributions were due; plus (2) the greater of interest on the unpaid and untimely paid Central New York Laborers Funds contributions or liquidated damages equal to ten percent (10%) of those delinquent contributions; plus (3) interest on the unpaid and untimely paid L.E.C.E.T. and H&S contributions, calculated at the rate of one and one half percent (1½%) per month from the date the contributions were due; plus (4) interest on the unpaid and untimely paid Union dues, P.A.C. monies, and ASP monies, calculated at the rate of nine percent (9%) per annum from the date the monies were due; plus (5) costs and fees of collection, audit fees, attorneys' fees, and paralegal fees.

22.    Pursuant to the Agreements, Trust, and Collections Policy, Defendant Corporation must timely report on a monthly basis the number of hours worked by all of its employees performing bargaining unit work.

23.    Defendant Corporation has not submitted sufficient reports to the Funds, so the exact amount of fringe benefit contributions, deductions, interest, and liquidated damages owed to the Funds are unknown at this time.

4903-9152-0775, v. 1

24.    Defendant Corporation is contractually and statutorily obligated to maintain accurate and complete books and records for the number of hours of bargaining work performed by all of the employees.

25.    The Agreements, Trust, and Collections Policy further obligate Defendant Corporation to permit Plaintiffs, on demand, to check, examine, and audit Defendants' books and records, including the payroll records, relating to hours worked by the subcontractors and the employees, including Union, non-Union, bargaining unit, and non-bargaining unit employees.

26.    Defendant Corporation is contractually and statutorily liable under ERISA, the Trust, and Collections Policy to pay the costs and expense of the audit, all auditing fees together with any and all attorneys' fees, paralegal fees, and costs incurred by the Plaintiffs in obtaining an audit.

27.    Despite due demand, Defendant Corporation has failed and refused to disclose the books and records to the Plaintiffs' auditors for a determination as to whether Defendant remitted the correct amount of contributions and deductions to the Funds.

28.    Defendants must be ordered to produce their books and records for Plaintiffs' review and audit for the period July 1, 2019 to date.

29.    In the event the auditors discover that Defendant Corporation has not properly submitted accurate reports to the Plaintiffs and have not properly paid the appropriate monies to the Plaintiffs, Defendant Corporation is liable for the contributions, interest, liquidated damages, attorneys' fees, audit costs, as well as other costs and expenses of collection at the rates set forth in the Collections Policy.

4903-9152-0775, v. 1

## IV. SECOND CAUSE OF ACTION

30.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "29" inclusive of this Complaint, as if fully set forth at this point.

31.     ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses" [29 U.S.C. §1104(a)(1)(A)].

32.     ERISA Section 404(a) also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law [29 U.S.C. §1104(a)(1)(D)

33.     The Trusts provide in pertinent part that title to all monies paid into and/or due and owing to the Funds vests in and remains exclusively in the Trustees of the Funds, so outstanding and withheld contributions constitute plan assets.

34.     As a result of the work performed by the Corporation under the Agreements, Defendants, upon information and belief, received substantial sums of money related to operating a construction business intended to pay, among other things, the wages and benefits of employees furnishing and supplying the labor.

35.     Defendants were fiduciaries with respect to the plan assets that they failed to timely remit to the Funds.

36.     Upon information and belief, Defendant Jon Fiedler owned, controlled, and dominated the affairs of Defendant Corporation, he purportedly acted on behalf of and in the

- 8 -

interest of the Corporation, and he carried on the business of the Defendant Corporation for his own personal ends.

37.    Upon information and belief, Defendant Fiedler withheld, permitted the withholding of, or authorized the withholding of contributions to the Funds, and Defendant Fiedler dealt with plan assets for his own personal use and benefit although the plan assets rightfully belonged to the Funds.

38.    Upon information and belief, Defendant Fiedler had managerial discretion and control over Defendant Corporation, made all decisions on behalf of the Defendant Corporation, signed contracts governing the Defendant Corporation, acted on behalf of and in the interest of Defendant Corporation, and made all decisions concerning payments by the Defendant Corporation.

39.    Upon information and belief, Defendant Fiedler determined which creditors Defendant Corporation would pay, determined when the Defendant Corporation would pay the Funds, determined how much money would be paid to the Funds, determined which employees of the Defendant Corporation would be reported to the Funds, and exercised control over money due and owing to the Funds.

40.    Upon information and belief, Defendant Fiedler commingled or permitted the commingling of assets of the Funds with the Defendant Corporation general assets and used the Funds' assets to pay other creditors of Defendant Corporation rather than forwarding the assets to the Funds.

41.    Upon information and belief, while retaining Plaintiffs' contributions, Defendant Fiedler transferred, applied, or diverted, or permitted the transfer, application, use,

- 9 -

or diversion of, the Funds' assets for purposes other than the Funds without first making payment to the Funds.

42.    The transfer of the assets to persons other than the Funds described in this Complaint occurred, and/or the use of the assets for purposes other than those permitted by the Plaintiffs Funds occurred, with the knowledge and/or at the direction of, Defendant Fiedler.

43.    By withholding the contributions from the Funds, Defendant Fiedler received and retained for his own personal use and benefit, monies which were rightfully assets of the Funds in violation of ERISA Section 404(a)(1)(A) [29 U.S.C. §1104(a)(1)(A)].

44.    By withholding the contributions from the Funds, Defendant Fiedler failed to abide by the documents and instruments governing the Funds in violation of ERISA Section 404(a)(1)(D) [29 U.S.C. §1104(a)(1)(D)].

45.    To the extent Defendant Fiedler acting in his capacity as corporate officer, director, and/or shareholder, abused the position as fiduciary by permitting, directing, or instigating this transfer, application, or diversion in a manner contrary to his fiduciary obligations and these actions are a breach of trust under ERISA [29 U.S.C. §§1104, 1106, and 1109].

46.    By reason of the wrongful diversion and/or conversion of the Funds' assets, the Funds have not been paid monies rightfully due to them.

47.    As a result of the breaches of fiduciary duty described above, Defendant Fiedler is liable to the Funds (i) for the fringe benefit contributions due to the Funds; plus (ii) for the interest at the consolidated rate of return of the Funds' investments; plus (iii) for the attorneys' fees and costs of collection; and (iv) to restore to the Funds any profits that Defendants made through use and retention of the assets of the Funds.

4903-9152-0775, v. 1

## V. THIRD CAUSE OF ACTION

48.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49.     Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit [29 U.S.C. §1106(a)(1)(A) and (B)]. Absent an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for their personal account [29 U.S.C. §1106(b)(1)-(3)].

50.     At all times relevant herein, Defendants were parties in interest with respect to the Funds because they were fiduciaries, employers, or owners within the meaning of ERISA Section 3(14)(A), (C) and (E) [29 U.S.C. §1002(14)(A), (C), and (E)].

51.     To the extent that Defendant Fiedler withheld, permitted the withholding of, or authorized the withholding of the contributions from the Funds, Defendant Fiedler has dealt with the plan assets in his own interest and/or exchanged property or extended credit from plan assets for his own personal use and benefited in violation of ERISA Section 406 [29 U.S.C. §1106], and he has received and retained from the Funds for, upon information and belief, his own personal use and benefit, monies which are rightfully assets of the Funds.

52.     To the extent that Defendant Fiedler has withheld, received, and retained the contributions, or allowed the withholding and retention of contributions, Defendant Fiedler, as a party in interest, has impermissibly used the assets of the Funds in contravention of ERISA Section 406 [29 U.S.C. §1106], the interests of the Funds and the interests of the Funds' fiduciaries, participants, and beneficiaries.

4903-9152-0775, v. 1

53.    As a result of the breaches of fiduciary duty described above, Defendant Fiedler is liable to the Funds (i) for the fringe benefit contributions due to the Funds; plus (ii) for the interest at the consolidated rate of return of the Funds' investments; plus (iii) for the attorneys' fees and costs of collection; and (iv) to restore to the Funds any profits that Defendants made through use and retention of the assets of the Funds.

### VI. FOURTH CAUSE OF ACTION

54.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "53" inclusive of this Complaint as if set forth fully herein.

55.    If this Court does not enjoin Defendant Corporation from further violations of ERISA, LMRA, the Agreements, Trusts, and Collections Policy, Plaintiff Funds will be further damaged as a result thereof in ways and amounts which cannot be accurately measured in terms of money, either as to extent or amount.

56.    Defendant Corporation has failed to comply with its obligations to the Plaintiff Funds, despite due demand for compliance, and unless this Court enjoins Defendant Corporation from violating ERISA, LMRA, the Agreements, Trusts, and Collections Policy, Defendant Corporation will continue to fail to timely remit contributions, deductions, and monthly remittance reports described above, causing Plaintiff Funds and the beneficiaries of the Funds to incur additional serious and irreparable harm by further burdening and obstructing the administration and operation of the Funds and endangering the payment of promised benefits from the Funds to qualified beneficiaries.

57.    Defendant Corporation's failure to comply with its obligations to the Funds has reduced the corpus and income of the Funds thereby jeopardizing the stability and soundness of

4903-9152-0775, v. 1

the Funds as well as the ability to pay benefits.

58.    Defendant Corporation's failure to comply with its obligations to the Funds may cause sufficient instability to the Funds' financial affairs such that participant benefits may be reduced or terminated.

59.    Because Defendant Corporation continues to fail to comply with its obligations to the Funds, new delinquencies are now being created monthly, again depriving the Funds of adequate monies to pay promised benefits which in turn could cause the foregoing irreparable harm to be intensified in magnitude.

60.    Based on the foregoing instances of serious, substantial, and irreparable injury and damage, a mere money judgment is an inadequate remedy at law.

61.    Unless this Court enjoins Defendants from breaching ERISA, LMRA, the Agreements, Trusts, and Collections Policy and unless Defendant Corporation is compelled to remit all monies and reports that become due or are determined to be due to Plaintiffs whether arising before or after commencement of the action, greater injury will be inflicted upon the Funds, their Trustees, participants and beneficiaries, by denial of relief than could possibly be inflicted upon Defendants by granting such relief.

## VII.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

A.    On Plaintiffs' First Cause of Action, judgment against the Defendant Corporation for an order to produce their books and records for Plaintiffs' review and audit for the period July 1, 2019 to date. In the event the auditors discover that Defendant Corporation has not properly submitted accurate reports to the Plaintiffs and have not properly paid the appropriate monies

- 13 -

to the Plaintiffs, Defendant Corporation is liable for the contributions, interest, liquidated damages, attorneys' fees, audit costs, as well as other costs and expenses of collection at the rates set forth in the Collections Policy.

B.    On Plaintiffs' Second and Third Causes of Action, judgment in favor of the Plaintiff Central New York Laborers' Funds against Defendant Fiedler as follows: (i) for the fringe benefit contributions due to the Funds; plus (ii) for the interest at the consolidated rate of return of the Funds' investments; plus (iii) for the attorneys' fees and costs of collection; and (iv) to restore to the Funds any profits that Defendants made through use and retention of the assets of the Funds.

C.    On Plaintiffs' Fourth Cause of Action, judgment against the Defendants as follows:

      i.    Judgment for any and all additional contributions and deductions that become due following commencement of the action or are determined to be due whether arising before or after commencement of the action, plus the applicable interest and liquidated damages as set forth herein;

      ii.    A permanent injunction preventing and restraining the Defendants from breaching the Agreements and Declarations of Trust, and the collective bargaining agreement by which they are bound; and

      iii.    A permanent injunction directing the Defendants to perform and continue to perform its obligations to the Plaintiffs, specifically, directing it to timely furnish the required monthly remittance reports and payments to Plaintiffs, and to provide the Plaintiffs, upon demand and at Defendants' expense, access to its books and records for an audit and examination relating to the employment of its employees, including but not limited to weekly payroll reports, payroll journals and quarterly employer reports for various federal and state agencies.

4903-9152-0775, v. 1

D.    Such further relief as the Court deems just and appropriate.

Dated: December 19, 2024                    **BLITMAN & KING LLP**

By: _____

Daniel Kornfeld, Of Counsel
Bar Number: 512729
Attorneys for Plaintiffs
Office & Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204
Telephone: (315) 422-7111
Facsimile: (315) 471-2623
Email:  dekornfeld@bklawyers.com

4903-9152-0775, v. 1